UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| TERRANCE L. CANNON, | ) | Case No. 06-45032-659 |
| | ) | Chapter 13 |
| | ) | **Judge Kathy A. Surratt-States** |
| Debtor. | ) | |
| | ) | PUBLISHED |

### ORDER DENYING DEBTOR'S MOTION FOR CONTEMPT

The matter before the Court is Debtor's Motion for Contempt for Violation of the Automatic Stay Pursuant to 11 U.S.C. 362(h) ("Motion for Contempt") and Creditor's Response to Debtor's Motion for Contempt for Violation of Automatic Stay. A hearing on this Motion was held on April 9, 2007 where each party appeared by counsel. Based on a consideration of the record as a whole, the Court gives its ruling below.

Debtor Terrance L. Cannon ("Debtor") filed his first petition for relief under Chapter 13 of the Bankruptcy Code on July 19, 2006. This case was subsequently dismissed on September 14, 2006, for failure to make plan payments. Debtor filed his second petition for relief under Chapter 13 of the Bankruptcy Code on October 18, 2006. Creditor Deutsche Bank Trust Company ("Deutsche Bank") holds the Deed of Trust on Debtor's residence. At the time Debtor's Motion was filed, a foreclosure sale was scheduled for March 15, 2007. By agreement of the parties, the sale was continued to April 12, 2007.

On December 20, 2006, this Court entered an Order confirming the termination of the automatic stay after the 30-day period, during which period Debtor did not request an extension of the automatic stay. Debtor argues that Section 362(c)(3)(A) does not terminate the automatic stay as to property of the bankruptcy estate and terminates the stay only with respect to Debtor. The Court resolves this matter below.

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334

(2006) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (2006). Venue is proper in this District under 28 U.S.C. § 1409(2) (2006).

"[I]f a single or joint case is filed by or against debtor who is an individual in a case under Chapter...13, and if a single or joint case of the debtor was pending within the preceding 1 - year period but was dismissed... (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case." 11 U.S.C. § 362(c)(3)(A) (2006).

According to the legislative history prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Section 362(c) was amended to allow the automatic stay, as defined in Section 362(a), to expire after 30 days have elapsed upon the filing of a second case by a debtor within one calendar year[1]. However, a safe harbor exist under BAPCPA in order to allow a debtor to file a motion to extend the automatic stay within 30 days upon the filing of the second case[2].

Here, Debtor had two Chapter 13 cases pending within the past twelve months and Debtor's first case was dismissed. Debtor failed to file a motion to extend the automatic stay within 30 days of filing his second case to preserve the automatic stay under Section 362(c)(3)(B). Consequently, the automatic stay terminated in this case after the 30th day subsequent to the filing of Debtor's second petition as no action had been taken to secure the automatic stay.

---

[1] "Section 302 of the Act amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period". Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)."

[2] "Upon motion of a party in interest, the court may continue the automatic stay after notice and a hearing completed prior to the expiration of the 30-day period if such party demonstrates that the latter case was filed in good faith as to the creditors who are stayed by the filing." *Id.*

2

Debtor argues that Section 362(c)(3)(A) did not terminate the automatic stay as to property of the bankruptcy estate.  Debtor failed to comply with the safe harbor provision of the Bankruptcy Code by filing a motion to extend the automatic stay, so Debtor's argument fails since the automatic stay terminated over 120 days ago.  Therefore,

Debtor's Motion for Contempt for Violation of the Automatic Stay is DENIED.

          /s/ Kathy A. Surratt-States
          KATHY A. SURRATT-STATES
          United States Bankruptcy Judge

DATED:  April 10, 2007
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Terrance L Cannon
4458 Enright Ave.
St. Louis, MO 63108

Daniel A. West
South & Associates P.C.
6363 College Blvd., Suite 100
Overland Park, KS 66211

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

James R. Brown
Castle Law Office of St. Louis
500 N. Broadway, Suite 1400
St. Louis, MO 63102